**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RUDOLPH SERRANO,

      Plaintiff,

v.                                                                                          No. CIV-06-0840 BB/RLP

CITY OF ALB MAYOR MARTIN CHAVEZ,
APD POLICE CAPTAIN (CHIEF RAYMOND SCHULTZ),
MANAGER OF DEFINED FITNESS,
OWNER OF DEFINED FITNESS,
COUNTY AND CITY CLERK,
APD OFFICER HOSSINGTON,
NURSE MARY [LNU],

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's original, first amended, and second amended civil rights complaints (together the "complaint"). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights action is $350.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motions will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ.

P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated. The complaint asserts claims for defamation, retaliation, and false arrest before Plaintiff was incarcerated. Plaintiff's other claims are for denial of necessary medical treatment and religious freedom, and for conspiracy to murder him, since he has been incarcerated. Plaintiff alleges that in April, 2006, he was arrested and released with a citation by Albuquerque police officers after being accused of theft at a physical fitness center. In August, 2006, he was again arrested, this time on retaliatory and false charges of attempted murder. He was convicted after an unconstitutionally unfair trial. During Plaintiff's incarceration, a nurse at the facility refused to treat him for a bleeding injury and an attack of asthma-like symptoms, and he was denied treatment by a physician. Last, he alleges his placement within the facility violates his religious rights and endangers his well-being.

The complaint names as Defendants the Mayor of Albuquerque, the Albuquerque Chief of Police, the manager and owner of Defined Fitness Center, a county and/or city clerk, APD Officer Hossington, and Nurse Mary [LNU]. Defendants Manager and Owners of Defined Fitness have made a special, limited appearance through counsel and have moved to dismiss claims against them. Defendant Mayor Martin Chavez has entered an appearance through the Albuquerque City Attorney,

as have the Albuquerque Police Department and the City of Albuquerque.[1]  The record contains no appearance for county or city clerks, APD Officer Hossington, or Nurse Mary [LNU].

No relief is available on Plaintiff's claims against Defendants Manager and Owner of Defined Fitness.  A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law."  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991).  In the absence of a factual basis for either element a complaint does not state a claim under § 1983.  *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 316 (1981) (noting that plaintiff must allege violation was committed by person acting "under color of state law").  As private citizens, these Defendants were not acting under color of state law, *see, e.g., Yanaki v. Iomed Inc.*, 415 F.3d 1204, 1205-06 (10th Cir. 2005), and the Court will dismiss Plaintiff's claims against them.

Nor does the complaint state claims for relief against a city or county clerk.  The complaint contains no allegations against these purported Defendants affirmatively linking them to the various violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a government official may not be based solely on a theory of respondeat superior liability for the actions of others.  *See id.*  The Court will dismiss Plaintiff's claims against these named Defendants.

---

[1]  Plaintiff's complaints do not identify the Police Department or the City as Defendants.

Plaintiff's claim of false arrest in his first amended complaint (Doc. 5) must also be dismissed. Probable cause has been recognized as a "complete defense," *Smith v. Losee*, 485 F.2d 334, 342 (10th Cir. 1973), to a false arrest claim at common law or under civil rights statutes. Other decisions view the absence of probable cause as a required element of a § 1983 claim of false arrest. *See Franklin v. Thompson*, 981 F.2d 1168, 1170 n.3 (10th Cir. 1992); *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1434 n.6 (10th Cir. 1984), *vacated on other grounds sub nom. City of Lawton v. Lusby*, 474 U.S. 805 (1985). Here, because Plaintiff was tried and convicted, probable cause for his arrest is a settled matter. *See King v. Goldsmith*, 897 F.2d 885, 886 (7th Cir. 1990) ("conviction bars a suit for false arrest"); *and cf. Romero v. Fay*, 45 F.3d 1472, 1478 (10th Cir. 1995). The Court will dismiss Plaintiff's false arrest claim. *But see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action).

IT IS THEREFORE ORDERED that Plaintiff's motions for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 2, 4, 6, 8) are GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk will provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Manager of Defined Fitness, Owner of Defined Fitness, and County and City Clerks are DISMISSED with prejudice; these Defendants are DISMISSED as parties to this action; and the motion to dismiss (Doc. 10) filed October 23, 2006, by Defendants Manager and Owners of Defined Fitness is DENIED as moot;

4

IT IS FURTHER ORDERED that Plaintiff's claim of false arrest in his first amended complaint (Doc. 5) is DISMISSED without prejudice, and Defendant Hossington is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue summonses, with copies of the complaint (Doc. 1, 5, 7), for Defendants Mayor Martin Chavez and APD Police Chief Schultz;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Doc. 1, 5, 7), for Defendant Nurse Mary [LNU].

_____
UNITED STATES DISTRICT JUDGE