IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RUDOLPH SERRANO,

      Plaintiff,

v.                                                                   No. CIV-06-0840 BB/RLP

CITY OF ALB MAYOR MARTIN CHAVEZ, et al.,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on a motion to quash the summons issued to Defendant Mary [LNU] (Doc. 25) filed May 23, 2007.  Because the attorney who filed the motion has not entered an appearance in this action or identified a party that she represents, the motion makes no showing that counsel has authority to apply for the relief sought in the motion.  *See Young v. Albert Pick Hotels*, 320 F.2d 719, 720 (D.C. Cir. 1963) (ruling that non-party did not have standing to move to quash summons).  Counsel is referred to the provisions of D.N.M.LR-Civ. 83.4(a).  On its own motion, the Court will consider the issue raised in counsel's motion to quash summons.  Also under consideration is Plaintiff's "Financial Statements" (Doc. 16) that was entered on the docket as an amended motion for leave to proceed in forma pauperis.

      Plaintiff's second amended complaint names "Mary X" as a Defendant and asserts a claim against her for conspiracy to commit murder by failure to provide emergency medical care.  Under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(d), (e), using information provided by Plaintiff, officers of the Court attempted to obtain a waiver of service from Defendant Mary [LNU] (Doc. 15), and then attempted to serve her (Doc. 21, 22).  According to a U.S. Marshal's return of service (Doc. 23) filed

May 10, 2007, summons for Defendant Mary [LNU] was personally served upon one Kristina Bainbridge, a Statistical Analyst at the Bernalillo County Metropolitan Detention Center.

In the motion brief, counsel alleges, with no evidentiary support, that the Court sent a fax of Defendant Mary [LNU]'s summons to Correctional Medical Services, Inc. ("CMS").  Counsel also alleges that no person named Mary appears in pertinent employment records at CMS.  Notably, however, counsel does not assert that there was no nurse named Mary working at MDC during the relevant time.  The record does not clearly support counsel's conclusion that Defendant Mary [LNU] is a fictitious party, nor does it clearly establish that this Defendant has been served with process.  *See* Fed. R. Civ. P. 4(e).  In the absence of relevant material evidence, the Court may not properly quash summons.  *Cf. Young*, 320 F.2d at 720-21.

IT IS THEREFORE ORDERED that the motion to quash the summons issued to Defendant Mary [LNU] (Doc. 25) filed May 23, 2007, is DENIED; and the Clerk is directed to send a copy of this order to counsel who filed the motion;

IT IS FURTHER ORDERED that Plaintiff's "Financial Statements" (Doc. 16) filed January 4, 2007, construed as an amended motion for leave to proceed in forma pauperis, is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE